# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | |
| KEVIN RODAS and JASON MILLER, ) | No. 3:21-CR-100-TAV-DCP |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case came before the undersigned on July 5, 2022, for a telephonic hearing on Defendant Miller's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 70], filed on June 20, 2022. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Christopher Rodgers appeared for Defendant Rodas, and Attorney Rachel L. Wolf appeared for Defendant Miller.

In his motion [Doc. 70], Defendant Miller asks the Court to continue the July 19, 2022, trial date and other relevant deadlines in this matter. The motion relates that Defendant Miller pleaded guilty to another federal criminal charge in the United States District Court for the Northern District of Georgia on June 1, 2021. Defendant Miller was arrested on the Indictment in the instant case prior to his sentencing in Georgia. The AUSA in Georgia recently requested Defendant Miller be returned to their jurisdiction for sentencing. As of the filing of the motion to continue, Defendant Miller was still in Georgia with a sentencing date of July 18, 2022. The motion further relates that negotiations in this case have been complicated by Defendant Miller's unique situation of having pending charges in two federal courts. The motion provides that it is hoped a plea agreement in this matter will be forthcoming once Defendant Miller's case is resolved in Georgia with a definitive term of incarceration and further that an extension of the pretrial

motion and plea agreement deadlines would enable the parties to further their negotiations and possibly avoid unnecessary litigation. Defendant Miller relates that the motion to continue has been discussed with him, and he understands that a continuance of the trial will result in a later trial date, which would necessarily affect the computation of time for Speedy Trial purposes. The motion indicates the Government does not oppose the requested continuance in this matter.

At the hearing, Defendant Miller's counsel relied on the bases presented in the motion to continue and explained she was continuing to investigate how her client's sentencing in his other federal criminal case would impact negotiations with the Government in this case. Defendant Rodas stated through counsel that he joins in Defendant Miller's motion, as his counsel has also been engaged in negotiations with the Government and needs more time to explore a potential resolution of this matter. The Government stated it had no objection to the requested continuance, and it concurred with the reasons presented by Defendants' counsel. The parties agreed to a new trial date of January 24, 2023.

The Court finds Defendant Miller's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 70] is unopposed and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Due to the unique circumstances of this case described above, the Court finds a trial continuance is necessary to permit defense counsel additional time to consider and discuss the need for any pretrial motions with their clients, to engage in further negotiations towards potential resolutions of this matter, and to otherwise prepare the case for trial. The Court finds that all of this cannot occur before the July 19, 2022, trial date. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, Defendant Miller's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 70**] is **GRANTED**. The trial of this case is reset to **January 24, 2023**. The Court finds that all the time between the filing of the motion on **June 20, 2022**, and the new trial date of **January 24, 2023**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & (7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Miller's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 70**] is **GRANTED**;

(2) The trial of this case is reset to commence on **January 24, 2023**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on June 20, 2022, and the new trial date of **January 24, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **August 12, 2022**, and responses will be due **August 26, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **December 26, 2022**;

(6) Motions *in limine* are due on or before **January 9, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 5, 2023, at 2:00 p.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 13, 2023.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge